IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

HAYWOOD M. CLAYTON, )
)
       Appellant, )
)
v. ) 1:03CV00083
)
AMERIQUEST MORTGAGE COMPANY, )
)
       Appellee. )
_____ )

MEMORANDUM OPINION

TILLEY, Chief Judge

This case is now before the Court on Appellant Clayton's Motion to Vacate Orders ("Motion to Vacate") [Doc. #23]. Mr. Clayton asks the Court to vacate the Order entered by United States District Judge James A. Beaty, Jr., in this matter on June 11, 2003 ("June 2003 Order") [Doc. #22]. That Order affirmed the following rulings by Judge William Stocks of the U.S. Bankruptcy Court for the Middle District of North Carolina ("Bankruptcy Court"): (1) the Order of August 5, 2002,[1] which dismissed Mr. Clayton's bankruptcy petition with prejudice and (2) the Order of September 18, 2002, which denied both Mr. Clayton's Motion for Reconsideration of the August 5 Order and his Motion for a Continuance of the hearing that preceded the September 18 ruling, and granted Ameriquest Mortgage Company's ("Ameriquest") Motion for Sanctions against Mr. Clayton.

---

[1] The June 2003 Order refers to this Order as having been entered on August 6, rather than August 5. The discrepancy is likely the result of the fact that the Notice of the Order was filed on August 6. (See Doc. #1.)

Mr. Clayton's motion is based on Federal Rule of Civil Procedure 60(b)(6) and alleges that Judge Beaty was biased against him and should not have entered any orders, but should have recused himself from the case. For the reasons set forth here, Appellant's Motion to Vacate will be DENIED.

I.

Mr. Clayton's present litigation in this Court relates to a promissory note and deed of trust securing the note held by Ameriquest. The deed of trust is upon the Claytons' residence in Chapel Hill, North Carolina. Mr. and Ms. Clayton filed suit in both this Court (in case number 1:02CV00415, filed on May 28, 2002) ("415" or "the 415 case") and in state court seeking, on varied grounds, to enjoin foreclosure and to obtain other relief based upon the loan transaction. On July 8, 2002, Mr. Clayton filed a motion in the 415 case [Docs. #8, 9] seeking a temporary restraining order ("TRO") preventing the foreclosure which had been set for July 11, 2002, in Orange County, North Carolina. The motion was submitted to Judge Beaty on July 9th and he entered an order [Doc. #10] on July 10, 2002, granting the TRO, contingent upon the posting of a $5,000 bond. Notice of the order was given telephonically by the office of the clerk of this Court to Mr. Clayton on July 10th and the written order was faxed to Mr. Clayton and to the Clerk of Court of Orange County on July 11th. Rather than post the bond with this Court, Mr. Clayton appeared in the Superior Court of Orange County on July 11th seeking an order restraining the foreclosure. According to Mr. Clayton, Judge Rand, the state

2

judge, refused to hear his action, stating that he had formerly been a lawclerk for Judge Beaty. From that statement, Mr. Clayton infers that there must have been some bias against him on the part of both Judge Rand and Judge Beaty.

Also on July 11, 2002, Mr. Clayton filed the voluntary petition in bankruptcy,[2] triggering an automatic stay of the foreclosure proceedings. The instant case (1:0CV00083) ("83") arises from Mr. Clayton's appeal of rulings made in that bankruptcy case. On July 18, 2002, the Chapter 13 Standing Trustee filed a Motion to Dismiss the bankruptcy petition on the grounds that it violated 11 U.S.C. § 109(g), which states that no individual "who has been a debtor in a case pending under this title at any time in the preceding 180 days" may be a debtor if in the previous case "the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay." 11 U.S.C. § 109(g). Mr. Clayton's preceding bankruptcy petition, filed on October 26, 2001, was dismissed at his request on March 28, 2002. Mr. Clayton's petition filed on July 11, 2002, was therefore in violation of 11 U.S.C. § 109(g). On July 30, 2002, Mr. Clayton filed a notice of withdrawal of the petition. On August 5, 2002, the Bankruptcy Court issued an order granting the Motion to Dismiss the petition, thereby dismissing the case with prejudice. On August 15, 2002, Ameriquest filed a motion with the Bankruptcy Court for sanctions against Mr.

---

[2] Both Judge Beaty and Judge Stocks observed that the July 11 bankruptcy petition was Mr. Clayton's ninth bankruptcy petition.

3

Clayton. The next day, August 16, Mr. Clayton filed a motion for reconsideration of the August 5 Order. On September 18, 2002, the Bankruptcy Court granted Ameriquest's motion for sanctions[3] and denied Mr. Clayton's motion for reconsideration. Mr. Clayton appealed from all of the Bankruptcy Court's orders, and the record on appeal was docketed on January 24, 2003. The appeal was assigned to Judge Beaty, who on June 11, 2003, affirmed the rulings of the Bankruptcy Court.

In the meantime, the 415 case had progressed through a number of motions, responses and briefs as well as discovery and, on August 5, 2003, was set for trial on the October 2003 civil calendar. On August 25th, notice was sent to the parties that a settlement conference would be held in Greensboro on September 23rd. On September 22nd, Mr. and Ms. Clayton moved for a change of venue and/or the recusal of Judge Beaty, basing their motion on the alleged bias they had inferred from Judge Rand's July 11, 2002 statement that he had been Judge Beaty's lawclerk.

At the settlement conference on September 23rd, the Claytons entered into a settlement agreement with Ameriquest, the terms of which were read into the record before Judge Beaty. The Claytons failed to comply with the terms of that agreement, however, and on October 6, 2003, Ameriquest (the defendant in that

---

[3] The September 18 Order ordered Mr. Clayton to pay $4,509.03 in sanctions to cover Ameriquest's attorneys' fees and expenses; that amount was later amended by Order dated September 20 to $4,165.03.

4

case) filed a motion to enforce the settlement agreement. During a hearing on November 25, 2003, regarding that and other motions in 415, Judge Beaty recused himself, granting in part the Claytons' September 22 motion for recusal and/or change of venue.

The motion currently pending before the Court in this case was filed on November 26, 2004.[4] In seeking relief from operation of the June 2003 Order, Appellant relies on his allegations that Judge Beaty was biased and should have recused himself before entering any orders.

II.

Mr. Clayton moves to vacate the June 2003 Order under Federal Rule of Civil Procedure 60(b)(6). Rule 60(b) allows for relief from an order, judgment, or proceeding in certain instances, for example in the case of mistake or fraud or, under 60(b)(6), "for any other reason justifying relief from the operation of the judgment [or order]." Fed. R. Civ. P. 60(b)(6).

In order to prevail in a motion seeking relief pursuant to 60(b), a movant must first show that he has met three "threshold conditions." National Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993). He "must show [1] that his motion is timely, [2] that he has a meritorious defense to the action, and

---

[4] On the same date that this motion was filed, the Claytons also filed 60(b) motions in 1:02CV00415 and in yet another case before this Court, case number 1:03CV00527. In all of the 60(b)(6) motions, the Claytons rely on the same allegations of bias.

[3] that the opposing party would not be unfairly prejudiced by having the judgment set aside." Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987).

If all three threshold conditions are met, the analysis proceeds to a second stage of inquiry: whether the movant has satisfied one or more of the six grounds for relief set out in 60(b)(1)-(6). Werner v. Carbo, 731 F.2d 204, 207 (1984). A motion under 60(b)(6), for instance, may be granted only upon the movant's showing "extraordinary circumstances," Klapprott v. United States, 335 U.S. 601, 613 (1949); Reid v. Angelone, 369 F.3d 363, 370 (4th Cir. 2004). If the movant is able to establish the elements of the first and second stages of this analysis, the "court must balance the competing policies favoring the finality of judgments and justice being done in view of all the facts, to determine, within its discretion, whether relief is appropriate in each case." Square Constr. Co. v. Washington Metro. Area Transit Auth., 657 F.2d 68, 71 (4th Cir. 1981).

A.

Rule 60(b) requires that "[t]he motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgement, order, or proceeding was entered or taken." Fed. R. Civ. P. 60(b). Courts must determine what is a "reasonable time." The burden to show timeliness lies with the movant, who must offer a "satisfactory explanation" for any delay. Central Operating Co. v. Util. Workers of Am., 491 F.2d 245, 253 (4th Cir. 1974)

6

(upholding denial of 60(b) motion as untimely where "almost four months" passed between notice of judgment and 60(b) motion); see also McLawhorn v. John W. Daniel & Co., 924 F.2d 535, 538 (4th Cir. 1991) (same, three and one-half months[5]); Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249, 251 (4th Cir. 1967) (same, two and one-half months); Jones v. Richmond, 106 F.R.D. 485, 490 (E.D. Va. 1985) (discussing Central Operating and Consolidated Masonry and denying as untimely 60(b) motion filed "over three months" after movant received notice of grounds for the motion).

Mr. Clayton has not carried his burden to show that this 60(b) motion was filed in a timely fashion. Mr. Clayton heard the statement upon which he bases his claim on July 11, 2002, at the hearing before Judge Rand. Almost one year after the hearing before Judge Rand, Judge Beaty entered the Order affirming the Bankruptcy Court's rulings. Sixteen months after the entry of that Order, Mr. Clayton moved that the Order be vacated on the grounds that Judge Beaty was biased. He had never filed a motion in this case for recusal. Therefore, at the time he made the 60(b)(6) motion, Mr. Clayton had known of the grounds for the alleged bias for over two years.[6] Even if the time period is measured starting with

---

[5] The movant's statement in McLawhorn that he had "just received" an affidavit that he felt supported his claim of fraud or misconduct was not sufficient because "there [was] no explanation why this evidence was just then coming forth." 924 F.2d at 538.

[6] This case is therefore distinguishable from Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847 (1988). In that case, Health Services Acquisition

7

Judge Beaty's June 2003 Order, sixteen months elapsed during which Mr. Clayton took no action. Mr. Clayton does not give any reason for his delay.

He has failed to make the threshold showing that his motion was made "within a reasonable time," and his motion therefore must be DENIED.

B.

Even if Mr. Claytons' Motion had been timely filed, it would nevertheless not be granted because he has failed to show that he has a meritorious claim, or that this is case of extraordinary circumstances under Rule 60(b)(6). Klapprott, 335 U.S. at 613; Reid, 369 F.3d at 370. In order to be granted relief under 60(b), the movant must "demonstrate that granting that relief will not in the end have been a futile gesture. . . ." Boyd v. Bulala, 905 F.2d 764, 769 (4th Cir. 1990). Mr. Clayton has not shown that vacating the June 2003 Order affirming the rulings of the Bankruptcy Court would be anything but a futile gesture. He has not shown that he would prevail if his appeal were reconsidered, nor has he pointed out why the rulings of the Bankruptcy Court should not be upheld. Furthermore, Mr. Clayton has not shown that this is a case of extraordinary circumstances. "[F]or a

---

Corporation (HSAC) filed a 60(b)(6) motion for relief from a judgment entered following a bench trial on the grounds that the presiding judge should have disqualified himself due to a conflict of interest. HSAC's 60(b)(6) motion was allowed even though it was filed approximately ten months after the judgment had been affirmed on appeal. In contrast to the instant case, however, Liljeberg was "not a case involving neglect or lack of due diligence by [movant]." 486 U.S. at 864 n.11. HSAC had no way of learning of the conflict of interest any earlier than it did, and filed the motion promptly upon discovering the conflict. Id.

8

movant's case to succeed, the material offered in support of his Rule 60(b)(6) motion must be highly convincing." Holland v. Virginia Lee Co., Inc., 188 F.R.D. 241, 252 (W.D. Va. 1999) (internal quotations omitted). Beyond his own sweeping accusations, Mr. Clayton has not produced any evidence of bias in this case. Appellant's Motion to Vacate must accordingly be DENIED.

III.

For the reasons set forth above, Mr. Clayton's Motion to Vacate Orders [Doc. #23] will be DENIED.

This the day of August 24, 2005

    /s/ N. Carlton Tilley, Jr.
United States District Judge